IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARGO PHELPS, as Personal
Representative of the Estate of
ROBERT K. PHELPS,

        Plaintiff,

vs.                                      CASE NO.: 1:08cv17-SPM/AK

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

This cause comes before the Court on the United States' Motion to Dismiss (doc. 8) Plaintiff's wrongful death suit.  Plaintiff alleges that the Veteran's Administration hospital in Gainesville, Florida, failed to diagnose and treat the decedent's heart condition, infections, and lung problems, leading to his death on July 4, 2003.  The United States argues that the suit is barred under principles of res judicata because the decedent filed previous tort claims in 2001 against the VA for negligent diagnosis of multiple sclerosis and negligent treatment of a stroke.  Those claims were dismissed with prejudice in 2002.

There are four conditions required to bar a suit based on res judicata.

Those are: (1) a prior judgment on the merits, (2) that is rendered by a court of competent jurisdiction, (3) involving identical parties, or others in privity, (4) on the same cause of action.  I.A. Durbin, Inc., v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).   Plaintiff concedes that the first three conditions are met.  The fourth condition is at issue.

Plaintiff contends that res judicata does not apply because the current suit deals with different medical conditions that occurred after the previous tort claims.  According to Plaintiff, none of the medical negligence alleged in the current suit overlaps with the previous tort claims.

The United States asserts generally that the previous tort claims involve the same set of operative facts.  But it has not and cannot provide specifics since it has raised the issue of res judicata through a pre-answer 12(b)(6) motion to dismiss.  Quiller v. Barclays American/Credit, Inc., 727 F2d. 1067, 1069 (11th Cir. 1984) (affirmative defenses, such as res judicata, are cognizable on a 12(b)(6) motion to dismiss, but only when the defense appears on the face of the complaint).  Furthermore, the United States' motion leaves unclear whether a cause of action for failure to diagnose and treat the decedent's heart condition, infections, and lung problems, was in existence at the time of the previous tort claims.  "In this Circuit . . . res judicata does not bar a claim that was not in existence at the time of the original action unless the facts underlying the claim were actually raised in that action."  In re Piper Aircraft Corp. 244 F.3d 1289,

1299 (11th Cir. 2001)

The United States, as the party asserting res judicata, has the burden to show that the doctrine applies. <u>In re Piper Aircraft Corp.</u> 244 F.3d at 1296 (11th Cir. 2001) (party asserting res judicata has the burden to show that the later-filed suit is barred). Because questions remain as to the applicability of the doctrine, it is

ORDERED AND ADJUDGED:

1. The United States' Motion to Dismiss (doc. 8) is denied.

2. The Joint Motion for Stay of this Matter Pending Resolution of the Motion to Dismiss (doc. 13) is denied as moot.

DONE AND ORDERED this 25th day of June, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 1:08cv17-SPM/AK